IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL FOLSKE,

      Plaintiff,

vs.                                    No. CIV 03-984 JC/ACT

COMPUSA, INC.
and DALE SUMMERS,

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Remand, filed September 10, 2003 (*Doc. 2*). Having considered the motion, memoranda submitted by the parties, and the relevant law, the Court finds the motion not well taken and it is, therefore, denied.

**I.    Background**

Plaintiff filed an action in the Thirteenth Judicial District, County of Sandoval, State of New Mexico on February 21, 2003. Defendant CompUSA, Inc. ("Defendant") filed a Notice of Removal in this Court on August 22, 2003 (*Doc. 1*), asserting jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. On September 10, 2003 Plaintiff filed the Motion to Remand (*Doc. 2*) presently before the Court. Defendant filed Defendant COMPUSA, Inc.'s Response to Motion to Remand on September 29, 2003 (*Doc. 3*), to which Plaintiff did not reply.

**II.    Discussion**

Defendant asserts that the Court has jurisdiction over this matter based on diversity of citizenship plus an amount in controversy in excess of $75,000.00 pursuant to 28 U.S.C. § 1332. "When a plaintiff files in state court a civil action over which the federal district courts would have

original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court. . . ." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing 28 U.S.C. § 1441(a)).  A plaintiff objecting to the removal may file a motion asking the district court to remand the case to state court.  *Id.* at 69.

It goes uncontroverted that complete diversity exists among the parties in this case.  In support of his motion, Plaintiff advances two main arguments:  First, that the amount in controversy requirement has not been satisfied, and second, that Defendant's removal is procedurally defective as untimely.

*Amount in Controversy*

Plaintiff argues that Defendant merely speculates that Plaintiff's damages will exceed $75,000.00 after attorney fees and, therefore, Defendant falls short of meeting its burden as a party seeking removal.  Specifically, Plaintiff asserts that Defendant's calculations do not account "for mitigation offsets claimed as an affirmative defense," and that Defendant's calculations also impermissibly aggregate damages among defendants.  Both of these arguments must fail.

Plaintiff correctly points out that a removing defendant's calculations do not enjoy the same presumption of accuracy as do a plaintiff's in an action originally filed in federal court.  Defendant, however, does not rely on a presumption of accuracy here.  Plaintiff brought this action under the New Mexico Human Rights Act, which provides for both actual damages and attorneys fees.  NMSA § 28-1-11(E).  It is well-settled that "[w]hen a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the jurisdictional amount in a removal proceeding based upon diversity of citizenship."  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

In Answer to Interrogatory No. 7, Plaintiff states that his estimated lost wages and benefits are $67,588.28.[1]  Def's Resp., Ex. 1.  To that number Defendant added Plaintiff's attorney's fees already incurred in the amount of $4,461.62[2].  Defendant concluded that only $2,950.00 in additional fees would have to be incurred to bring the amount in controversy above $75,000.  Def's Resp., Ex. 2.  As Defendant correctly asserts, it is reasonable to believe such fees will be incurred, given the fee agreement Plaintiff entered into indicating that Plaintiff will pay $185.00 per hour for attorney's fees and $75.00 per hour for paralegal fees.  Def's Resp., Ex. 3.

That said, regarding Plaintiff's bald assertion that Defendant has failed to account for mitigation offsets, the amount in controversy determination for purposes of jurisdiction is made at the time of removal.  *Hannah v. Miller*, 163 F. Supp. 2d 1302 (D.N.M. 2001).  In a letter dated August 14, 2003, Plaintiff states that he had no interim employment since he ceased employment with CompUSA on March 1, 2002.  Def's Resp., Ex. 2.  As Defendant correctly points out, even subsequent employment reducing the dollar amount of Plaintiff's claim would not divest this Court of jurisdiction.  *St. Paul Indemnity v. Cab Co.*, 303 U.S. 283 (1938).

Moreover, Plaintiff erroneously asserts that "[i]n order for this Court to have jurisdiction, the Defendant must show that the claims against each of the two Defendants, CompUSA and Dale Summers are at least $75,000.00." Pl's Mot. at 2 citing *Ard v. Transcon Gas Pipeline*, 139 F.3d 596 (5th Cir. 1998).  This is a misstatement of the law.  Defendant, again, correctly states the rule: "Where a single plaintiff has multiple claims against a single defendant or against two or more

---

[1] This number alone is shy a mere $7,411.72 of the $75,000.00 necessary to confer jurisdiction upon this Court.  Defendant cites multiple cases supporting its conclusion that fees in employment case are generally greater than $10,000.00  Def's Resp. at 3.

[2] Figure as of August 20, 2003.

3

defendants jointly, and the claims are of such a character that they may properly be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy." Def's Resp. at 4 quoting *Alberty v. Western Surety Co.*, 249 F.2d 537, 538 (10th Cir. 1971).  Such is precisely the case here and the aggregate amount of Plaintiff's claim is the proper measure for the purpose of determining jurisdiction.

*Timeliness of Removal*

It is Plaintiff's final contention that pursuant to 28 U.S.C. § 1446, Defendant's Notice of Removal is untimely.  Again, Plaintiff's argument is unsupported by applicable law.  Section 1446(b) provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446 (b) (emphasis added).  Accordingly, the Tenth Circuit has consistently held that in cases where the basis for diversity does not become known until later in the action, a defendant has 30 days from the date of notice of the basis of removal to file notice of removal.  *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (defendant must be able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts"); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999).  Here,

4

Plaintiff does not refute that Defendant became aware of the amount of Plaintiff's damages only after Plaintiff answered Defendant's discovery requests on August 20, 2003. Defendant filed its Notice of Removal on August 22, 2003, squarely within 30 days of receiving notice of the basis for removal. Defendant's Notice of Removal is timely.

### III. Conclusion

In summary, the Court finds that Defendant has made the proper showing of an amount in controversy exceeding $75,000. and the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court further finds Defendant's Notice of Removal procedurally sound as it was timely filed pursuant to 28 U.S.C. § 1446 (b).

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Remand, filed September 10, 2003 (*Doc. 2*), is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Thomas J. Griego, Esq.
    Bill Gordon & Associates
    Albuquerque, NM

Counsel for Defendant CompUSA:

    Whitney Warner, Esq.
    Moody & Warner, P.C.
    Albuquerque, NM

    Ann Marie Painter, Esq.
    Melissa Hensley, Esq.
    Littler, Mendelson, P.C.

Dallas, TX